## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 2 C 862 | DATE | 3/22/2004 |
| CASE TITLE | Todd Sears vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Petitioner Todd Sears' motion to set aside, vacate or correct his sentence pursuant to 28 U.S.C. Section 2255 [1-1] is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 23 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 9 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | TSA   courtroom deputy's initials | 2004 MAR 23 PM 8:31 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TODD SEARS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 02 C 862 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Wayne R. Andersen |
| | ) | District Judge |
| Respondent. | ) | |

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on petitioner Todd Sears' motion to vacate, set aside or correct his sentence, which was filed pursuant to 28 U.S.C. § 2255. For the following reasons, petitioner's motion is denied.

## BACKGROUND

On December 12, 1997, a federal grand jury returned a two-count indictment charging petitioner Todd Sears with bank robbery in violation of 18 U.S.C. §§ 2113(a) and (f). On October 29, 1999, Sears withdrew his plea of not guilty to Count One of the indictment and entered a plea of guilty. This Court accepted Sears' plea and entered a judgment of guilty on Count One.

Prior to sentencing, Sears filed a motion for downward departure from the sentencing guidelines range. When imposing the sentence, the Court expressly acknowledged its authority to depart from the sentencing guidelines, and exercising its discretion, the Court granted in part and denied in part Sears' motion for a downward departure. Specifically, this Court granted a two level departure based on Sears' extraordinary acceptance of responsibility, but denied any

1

9

departure based on Sears' medical reasons. On April 14, 2000, this Court sentenced Sears to serve a term of imprisonment for 132 months on Count One of the indictment. At that time, the Court granted the government's oral motion to dismiss Count Two of the indictment.

Sears filed a timely Notice of Appeal on May 8, 2000. On June 22, 2000, the United States Court of Appeals for the Seventh Circuit granted defense counsel's motion to withdraw and appointed substitute counsel for Sears. On October 22, 2000, Sears' new defense counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Court of Appeals denied the motion, noting an error in the term of supervised release imposed by the district court. The parties then filed a joint motion to vacate the sentence and to remand to the district court for re-sentencing.

The Court of Appeals granted the motion to vacate and remand on March 14, 2001. In its order granting the motion, the Court of Appeals stated that in signing the motion to vacate and remand, defense counsel represented that there were no additional issues to raise on appeal. The Court of Appeals also stated that, based on its review of the record and *Anders* brief on file, there were no reasons to believe that counsel's conclusion was inadequate. Upon remand, this Court entered an amended judgment and commitment order on October 25, 2001, which reduced the term of supervised release imposed from five to three years.

On February 5, 2002, Sears filed this motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Sears argues that he received ineffective assistance of appellate counsel, and he also challenges this Court's decision denying in part the motion for downward departure based on extraordinary physical impairment and resulting hardship. The

2

government opposes Sears' motion, arguing that it is procedurally barred and otherwise lacks merit.

## DISCUSSION

I. **Petitioner Cannot Demonstrate That He Received Ineffective Assistance of Appellate Counsel**

In his section 2255 petition, Sears argues that his appellate counsel rendered ineffective assistance of counsel by failing to challenge on direct appeal this Court's denial in part of a motion for downward departure based on his medical conditions at sentencing. This issue was never raised on direct appeal, and the government argues that Sears' motion to vacate his sentence is procedurally barred because he failed to raise this issue on direct appeal. However, in *Massaro v. United States*, the Supreme Court recognized that a failure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought in a section 2255 proceeding. 538 U.S. 500, 123 S. Ct. 1690, 1696 (2003).

Thus, we must consider whether Sears was denied effective assistance of appellate counsel. The standard for reviewing a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* sets forth a two-prong analysis for determining ineffectiveness of counsel: (1) a showing that counsel's performance was deficient; and (2) a showing that the deficient performance prejudiced the defendant. 466 U.S. at 678. In order to prevail on his claim of ineffectiveness under the first prong (the "performance prong") of the *Strickland* test, Sears must show that his counsel's performance fell below an objective standard of reasonableness. *Id.* To satisfy the second prong (the "prejudice prong") of the

*Strickland* test, Sears must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. *Id.*

Sears claims that he was denied effective assistance of appellate counsel because his defense counsel failed to raise on appeal the issue of this Court's denial in part of the motion for downward departure based on Sears' medical condition and resulting hardship. However, appellate counsel is expected to exercise independent judgment as to what claims are meritorious and is not required to bring forth every claim that his client desires. *Jones v. Barnes*, 463 U.S. 745, 750-752 (1983). A defendant has no constitutional right to force "counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Id.* at 751.

Sears' argument that he received ineffective assistance of counsel is not meritorious. It is well-settled that a petitioner cannot establish ineffective assistance of counsel based solely on the fact that counsel failed to raise certain issues on appeal. *Page v. United States*, 884 F.2d 300, 302 (7th Cir. 1989). Sears has not shown that his appellate counsel failed to exercise reasonable professional discretion by not challenging the Court's denial in part of the motion for downward departure or that his appellate counsel's conduct otherwise fell outside the spectrum of reasonable professional conduct. Indeed, it is well-settled that the Seventh Circuit does not have jurisdiction to review a district court's discretionary decision to deny a motion for downward departure. *United States v. Egwaoje*, 335 F.3d 579, 588 (7th Cir. 2003) ("discretionary decisions not to depart are not reviewable"). Thus, Sears has failed to satisfy his burden under the performance prong of *Strickland*.

Likewise, Sears has not shown, nor can he show, that he was prejudiced by his appellate counsel's failure to challenge the denial in part of the departure motion on direct appeal. As stated above, the Seventh Circuit lacked jurisdiction to review this Court's discretionary decision to deny in part the motion for downward departure. *Egwaoje*, 335 F.3d at 588. As a result, even if appellate counsel had pursued this issue on appeal, there would not have been a different result. Thus, Sears cannot satisfy the prejudice prong of the *Strickland*, and his section 2255 petition must be denied.

## II. This Court Lacks Authority to Reconsider the Merits of Petitioner's Motion for a Downward Departure

Sears also argues that this Court abused its discretion in not granting his motion for a downward departure based on his medical condition and the resulting hardship and that we should, in effect, reconsider the denial of the motion for downward departure. It is important to note that this Court carefully considered Sears' motion for a downward departure and, in fact, granted his motion in part based on his extraordinary acceptance of responsibility. The Court also carefully considered the arguments raised by Sears' counsel and Sears himself for a downward departure based on his medical condition. However, noting that Sears admitted that he committed nine bank robberies and concluding therefore that he was a danger to society, the motion for a downward departure based on any medical reasons was denied.

At this time, this Court does not have the authority or jurisdiction to reconsider its decision or to revise a sentence at this stage. *United States v. Springs*, 988 F.2d 746, 747 (7th Cir. 1993). Rule 35 of the Federal Rules of Criminal Procedure strictly limits a district court's

authority to review its own sentencing decisions and the time within which Sears could have sought such relief has long since past. *See* Fed. R. Civ. P. 35.

## CONCLUSION

For all of the forgoing reasons, petitioner Todd Sears' motion to set aside, vacate or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

Wayne R. Andersen
United States District Judge

Dated: March 22, 2004